UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
JODY-ANN CAMPBELL,          :
          Plaintiff,    :
          :
      -against-          :          22-CV-10164 (VSB)
          :
COLUMBIA UNIVERSITY, et al.,    :          **ORDER**
          :
          Defendants.  :
          :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       This Order resolves three requests made by the parties. Plaintiff Jody-Ann Campbell requests to increase the sum awarded to her as damages, (Doc. 18), and to have papers in this proceeding served on counsel for Defendants, (Doc. 19). Defendant Columbia University requests that this case be transferred to Chief Judge Laura T. Swain, (Doc. 24), who handled the dismissal of Campbell's prior case against Columbia University, *Campbell v. Columbia University et al.*, No. 22-cv-08255-LTS (S.D.N.Y. Sept. 27, 2022). That case has since been closed.

       Ms. Campbell has since indicated that the order of service entered in this matter and her intention to file an amended complaint moot her motions. (Doc. 26, at 2.) These requests are therefore denied as moot.

       Columbia University's motion to transfer this action as a related case is denied. Rule 13(a)(2)(B) of the Rules for the Division of Business Among District Judges, Southern District of New York ("Rule 13")[1] provides that "civil cases presumptively shall not be deemed related

---

[1] As of January 19, 2022, a copy of these rules is available at
https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-09-29%20SDNY%20Rules%20for%20the%20Division%20of%20Business.pdf.

unless both cases are pending before the Court." As Campbell's prior case has been terminated and is no longer pending, the presumption is that these cases are not related. I do not find any reason to disturb this presumption. Campbell's initial case was a *pro se* matter which was dismissed *sua sponte* by Chief Judge Swain in her capacity as chief judge. Transferring the present case would thus create no efficiencies and would unreasonably burden the Chief Judge. Accordingly, I do not find the presumption against relatedness overcome.

Finally, Campbell states that she will file an amended complaint after attorneys for Columbia University notice an appearance and file a motion to dismiss. (Doc. 26, at 1.) When a plaintiff files an amended complaint after a defendant moves to dismiss, a district court may deny the first motion to dismiss as moot and permit the defendant to file a new motion to dismiss addressing the amended complaint. *See, e.g.*, Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303–04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends [a] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.") Thus, while I will not dictate Campbell's litigation strategy, this matter will proceed most efficiently if she files her amended complaint at her earliest convenience. This will avoid the need for multiple rounds of briefing.

The Clerk of Court is respectfully directed to terminate the motions at Docs. 18 and 19.

SO ORDERED.

Dated: January 24, 2023
New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge