```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JODY-ANN CAMPBELL,                                          :
                                Plaintiff,                  :
                                                            :
                -against-                                   :    22-CV-10164 (VSB)
                                                            :
COLUMBIA UNIVERSITY, et al.,                                :         ORDER
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On February 2, 2023, I entered an order (the "February 2 Order") noting the "[n]umerous pre-motion letters" that had been filed in this action, despite the fact that Defendant Columbia University had yet to answer or otherwise respond to Plaintiff Jody-Ann Campbell's complaint. (Doc. 44.) Accordingly, I indicated that "additional letters will not beneficially contribute to the resolution of this case." (*Id.* 1.) While this was not a leave to file limitation or any other sanction on any party, my hope was that this would encourage the parties to limit any further filings to only necessary and legally supportable relief.

That has not happened. On February 22, Plaintiff attempted to file a further letter requesting that I preemptively deny any extensions of time sought by Defendant even though no such extensions had been requested and Plaintiff herself acknowledged that such a request was "premature." A delay of approximately two days ensued as the Pro Se Office of the Southern District of New York sought to determine whether this filing comported with the February 2 Order. While the February 2 Order was not a leave to file sanction, the Pro Se Office's caution was an entirely reasonable exercise of due diligence, and the delay was insubstantial. During that period, Plaintiff called and emailed both my chambers and the Pro Se Office about the status

of her filing. The text of her email, which opposing counsel was copied on, is as follows:

> Greetings Your Honor,
>
> I filed a letter on Wednesday, 02/22/2023. It has been over 48 hours and since the first time I filed a correspondence with the court in September, it has never taken them that long to insert a letter. I believe the Pro Se Department is reluctant to insert it into my online portfolio because of your order. Whilst I am respectful of the court's wishes, my letters are not just for the defendant, or your honor, my letters are material evidence that I will use, should this go to a jury trial. I don't intend to call a bunch of witnesses or issue subpoenas for an emotional distress case. I am allowing the defendant to show their true character themselves. This case isn't about counting sticks and stones or trying to get reimbursement for a science project. I want the jury to feel what I have gone through with my letters. I want them to imagine the pain and agony themselves, so when they gasp and say this is outrageous, they will understand why I am requesting that much money. While I respect your judgment, my letters tell a story and they are intended for the jury, to avoid the extra expenses I would have incurred by trying to go another route. Your honor, I don't need any other evidence. I'm not supposed to reveal this, but if this goes to trial, all I will be doing is reading my letters to the jury. I don't even have to physically prove Columbia tried to pay my sorority sisters. All I have to do is show the jury the witness list, and beg the question of why my sorority sisters would be on a list of witnesses and informants, when I haven't heard from most of them in over a year. I hope you respect the way I chose to handle my case, and understand that I never truly expected Columbia to respond without a court order. I also speculated that they would do so reluctantly because of the truth. I'm filing my letters for the jury. It's been an entire year, I'll take my lazy win. This will be the simplest jury trial of the century. I'm still waiting for them to file the letter I sent, but if you know that it won't be filed or they're telling me to wait endlessly, please direct them to file the letter.
>
> Respectfully,
> Jody - Ann Campbell

The filing of papers on the court's docket is not a means to bring evidence before a jury. Plaintiffs' email, combined with the filing of a request that Plaintiff has acknowledged to be premature, and that is legally unsupportable in any case, raises the concern that, without court

action, the continual filing of letters will become an unreasonable abuse of the Court's docket.  I am sensitive to Plaintiff's *pro se* status and accordingly will not take further action at this point, but Plaintiff is now warned that such legally unsupported filings are not a proper means of prosecuting her case and that normal processing periods in court papers are not grounds for aggressive calls to court staff and chambers.  If Plaintiff does not desist in these practices, I will explore whether further measures are necessary to ensure the civil and respectful adjudication of this case.

      If Plaintiff wishes to write letters for her on record so that she has them in the future she is free to do so.  However, the mere fact that Plaintiff has written such documents and may want the jury to see them in the future does not mean that they will be considered admissible at any future trial.

      The Clerk of Court is respectfully directed to continue docketing letters from the Plaintiff pending further order of the Court.

SO ORDERED.

Dated: February 24, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge