UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                      :
JODY-ANN CAMPBELL,                           :
                             Plaintiff,       :
                                                                      :
                             -against-           :                                22-CV-10164 (VSB)
                                                                      :
COLUMBIA UNIVERSITY, et al.,          :                                **ORDER**
                                                                      :
                                         Defendants.   :
                                                                      :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Jody-Ann Campbell ("Campbell"), acting *pro se*, moves to compel Defendant The Trustees of the University of Columbia in the City of New York ("Columbia University") to respond to her interrogatories. (Doc. 54.) Columbia University opposes this motion and requests that I restrict Campbell's filing privileges and stay discovery based on her misuse of the docket. (Doc. 56.) Campbell opposes this request. (Doc. 57.) Campbell has also moved for a default. (Docs. 58, 59.)

        No case management or discovery plan has been entered in this case and the parties have not had the conference required by Fed. R. Civ. P. 26(f). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Campbell's motion is therefore DENIED as premature.[1]

        Fed. R. Civ. P. 55(a) provides that the clerk may only enter default when a party "has failed to plead or otherwise defend." Columbia has responded to Campbell's complaint with a

---

[1] I note that, in a March 3, 2023, email to Columbia University, Campbell stated that Columbia University's response to her interrogatories was due in seven days. (Doc. 56-1, at 2.) Despite this, Campbell moved to compel just one day later and thus six days in advance of her identified due date. Thus, this is the second time that Campbell has moved for relief that is, by her own admission, premature. (*See* Doc. 46, at 1.)

procedurally proper motion to dismiss.  (Doc. 51.)  Campbell's request for the entry of a default is therefore improper and is also DENIED.

While I am sensitive to the need to preserve Campbell's ability to litigate her case, I recognize that she has filed an immense number of letters and motions on the Court's docket.  Most of these are either legally unsupportable requests or documents that are not requesting relief, but which are part of Campbell's efforts to create a record in this case.  (*See* Doc. 46, at 2.)  Additionally, she has repeatedly emailed my chambers requesting various types of relief, despite being directed not to contact chambers by email except as provided for by my Individual Rules.[2]  Responding to this array of communications could impose an unreasonable burden on Columbia University.

Accordingly, going forward, Columbia University need not respond to further filings by Campbell unless ordered by the Court.  I will not order any relief before giving Columbia University such an opportunity to respond.  Columbia University need not respond to any email by Campbell to chambers and I will not order any relief based on requests made by email.

In the interest of clarity, Campbell appears to believe that Columbia made a prior motion to dismiss in this matter which was denied.  (Doc. 53, at 1.)  This is not the case—Columbia University has filed a single motion to dismiss and my decision on that motion is pending.  (Doc. 51.)  If Campbell wishes to oppose this motion, she may file a single opposition brief by March 21.[3]  Columbia University may file any reply by March 28.

---

[2] Campbell emailed my chambers twice on February 24, 2023, once on February 26, once on March 1, and once on March 3.  None of these communications were authorized by my Individual Rules of Practice.  On March 3, 2023, in response to these emails, my chambers email responded, cc'ing opposing counsel, that parties should not communicate with chambers except as provided for by my Individual Rules of Practice.  Despite this, Campbell emailed chambers twice on March 7, and once on March 10, again for reasons that are not permitted by my Individual Rules of Practice.

[3] I do not interpret the document Campbell filed at Doc. 53 to be an opposition since Campbell appears to be under the impression that Columbia's pending motion to dismiss is moot.

Finally, Campbell's letters have increasingly resorted to unprofessional, improper, and abusive language specifically directed at opposing counsel.  (*See, e.g.*, Doc. 57.)  This is unproductive, improper, and does not facilitate the adjudication of this case.  I caution Campbell that *pro se* plaintiffs may be subject to sanction when their submissions contain insulting, abusive, or otherwise inappropriate language.  *See, e.g., Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) (upholding sanctions based on a *pro se* litigant's repeated use of "offensive, abusive, and insulting language"); *Koehl v. Greene*, 424 F. App'x 61, 63 (2d Cir. 2011) (upholding "a sanction [on a *pro se* litigant] for repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel").  If Campbell continues to include abusive language in her submissions, sanctions such as restricting her ECF filing privileges may be appropriate.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 54.

SO ORDERED.

Dated: March 10, 2023
       New York, New York

Vernon S. Broderick
United States District Judge